09-1290-ag
Chen v. Holder
BIA
Brennan, IJ
A098 222 571

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of December, two thousand nine.

PRESENT:
ROGER J. MINER,
JOSÉ A. CABRANES,
ROBERT D. SACK,
    *Circuit Judges.*

_____

WEI SHANG CHEN,
        *Petitioner,*

        v.                                    09-1290-ag
                                              NAC
ERIC H. HOLDER, Jr., U.S. ATTORNEY
GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Michael Brown, New York, New York.

**FOR RESPONDENT:** Tony West, Assistant Attorney General, David V. Bernal, Assistant Director, Lauren E. Fascett, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wei Shang Chen, a native and citizen of the People's Republic of China, seeks review of a March 10, 2009 order of the BIA affirming the July 11, 2007 decision of Immigration Judge ("IJ") Noel Brennan, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wei Shang Chen*, No. A098 222 571 (B.I.A. Mar. 10, 2009), *aff'g* No. A098 222 571 (Immig. Ct. N.Y. City July 11, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 523 (2d Cir. 2007). We review the agency's factual findings,

2

including adverse credibility determinations, under the substantial evidence standard.[1]  *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008).  We review *de novo* questions of law and the application of law to undisputed fact.  *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Substantial evidence supports the IJ's adverse credibility determination.  The IJ reasonably relied on Chen's demeanor, which she found to be "particularly telling."  This Court ordinarily affords particular deference to the IJ's assessment of demeanor, *see Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73-74 (2d Cir. 2004), and Chen advances no argument suggesting that we should not do so here, particularly when the IJ offered additional inconsistency findings.  *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be . . . more confident in our review of observations about an applicant's demeanor

---

[1]  Because Chen filed his asylum application before May 11, 2005, the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005 do not apply to his asylum application.  *See* Pub. L. No. 109-13, § 101(h)(2), 119 Stat. 231, 305 (2005).

where . . . they are supported by specific examples of inconsistent testimony.").

Furthermore, there is no merit to Chen's argument that his inconsistent testimony did not justify an adverse credibility finding.  The IJ found that: (1) although Chen initially testified that he was detained at 8:00 a.m., he later stated that he was detained at 10:00 a.m.; (2) although Chen submitted evidence stating that he hid at his aunt's house following his detention, he testified that he left his aunt's house to stay with a friend; and (3) although a letter from his father states that Chen was also detained in July 1999, Chen testified that the incident occurred in September 1999. Although minor and isolated discrepancies may be insufficient to support an adverse credibility finding, *see Diallo v. INS*, 232 F.3d 279, 288 (2d Cir. 2000), the multiple discrepancies here were not minor, and they relate to events that go to the heart of Chen's claim – his prior detentions and beatings by government officials.  Thus, the IJ reasonably relied on their cumulative effect to call into question Chen's credibility. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006).

There is also no merit to Chen's assertion that the IJ's finding regarding the sufficiency of the corroborating

evidence he submitted was erroneous. An IJ need not first identify the particular pieces of missing, relevant evidence, and show that this evidence was reasonably available to the applicant before relying on a lack of corroboration to support an adverse credibility finding. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir. 2006). As the IJ did not find Chen's testimony credible, she properly noted the absence of documentary evidence that may have corroborated his claim. *See id.*

These proper findings notwithstanding, as Chen asserts, the agency erred in finding that he provided inconsistent testimony as to his beating by Village Committee members during his 2004 detention. Indeed, the record reveals that prior to his merits hearing, Chen submitted a corrected asylum application stating that he was beaten in the course of that detention. However, remand would be futile in this case because the IJ's broader credibility determination is amply supported by the record and it can be confidently predicted based on the IJ's non-erroneous findings that the agency would reach the same credibility determination absent this error. *See id.* at 335.

Accordingly, substantial evidence supports the agency's

adverse credibility determination.  *See* 8 U.S.C.
§ 1158(b)(1)(B)(iii).  Because the only evidence of a threat to Chen's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for withholding of removal and CAT relief.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir. 2003).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk


                                    By:_____